IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
UNITED STATES OF AMERICA,    )
                             )
            Plaintiff,       )         8:05CR332
                             )
      v.                     )
                             )
JOHN WAYNE LINDSEY,          )         MEMORANDUM OPINION
                             )
            Defendant.       )
_____)
```

This matter is before the Court on defendant's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence (Filing No. 43). Defendant has also filed a brief (Filing No. 44) in support of his motion.

The defendant was originally indicted on two counts. Count I charged the defendant of participating in a conspiracy to distribute or possess with intent to distribute fifty (50) grams or more of a mixture or substance containing cocaine base, (i.e., crack cocaine). Count II charged the defendant with knowingly and intentionally possessing with the intent to distribute five grams or more of a mixture or substance containing cocaine base (i.e., crack cocaine) (Filing No. 1).

On July 13, 2006, the defendant was sentenced to one hundred ten (110) months, at which time Count I of the indictment was dismissed on motion of the government pursuant to the plea agreement (See Filing No. 26). In his motion to vacate, set

aside or correct his sentence, defendant sets forth one ground for relief. That ground reads:

> Counsel deprived petitioner of effective assistance by failing to file appeal as to criminal history.

In Paragraph 3 his plea agreement, defendant agreed as follows:

> The defendant hereby knowingly and expressly waives any and all rights to appeal the defendant's conviction or sentence in this case, including a waiver of all motions, defenses, and objections which defendant could assert to the charges or to the Court's entry of Judgment against defendant, including review pursuant to 28 U.S.C. § 3742 of any sentence imposed and any and all issues inhering therein . . . .

With two exceptions, neither of which is applicable to this motion. That paragraph further provides:

> The defendant further knowingly and expressly waives any and all rights to contest the defendant's conviction of the subject charges in any post-conviction proceedings, including any proceedings under Title 28 U.S.C. § 2255, subject to the exceptions set forth in the proceeding (sic) paragraph and the following:
>
> > The right to seek post conviction relief based on ineffective assistance of counsel, or prosecutorial misconduct, if the grounds for such claim are not known to the defendant, or not reasonably knowable by the

-2-

>       defendant, at the time he enters
>       his plea pursuant to this plea
>       agreement.

The Court reviewed with the defendant these terms of his plea agreement to insure that he understood that he was waiving his rights of appeal and his right to file a subsequent § 2255 motion as provided in the agreement.  Clearly, defendant knew at the time he entered his plea of guilty that he was waiving his right to appeal his conviction and/or sentence.  Accordingly, there is no basis for his present claim that he was deprived of effective assistance of counsel by counsel's failure to file an appeal regarding his criminal history.

Defendant further alleges in his motion that his attorney failed to explain to him that he had the right of appeal.  However, it was clear from the Rule 11 hearing held on April 26, 2006, that he understood that he was waiving his right to appeal his conviction and/or sentence and also waiving any rights to post-conviction relief.

For these reasons, defendant's motion filed pursuant to 28 U.S.C. § 2255 will be denied.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 17th day of August, 2007.

BY THE COURT:

/s/ Lyle E. Strom
_____
    LYLE E. STROM, Senior Judge
    United States District Court